# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
ZANIA LEWIS,                            *
                                        *   No. 15-907V
                    Petitioner,         *   Special Master Christian J. Moran
                                        *
v.                                      *   Filed: February 20, 2020
                                        *
SECRETARY OF HEALTH                     *   Expert costs,
AND HUMAN SERVICES,                     *   reconsideration denied
                                        *
                    Respondent.         *
* * * * * * * * * * * * * * * * * * *   *
```

<u>Michael A. Baseluos</u>, Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioner;
<u>Claudia B. Gangi</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

### PUBLISHED ORDER DENYING MOTION FOR RECONSIDERATION OF DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

A January 24, 2020 decision found that a reasonable amount of attorneys' fees and costs was $160,882.10.  On February 13, 2020, petitioner Zania Lewis filed a motion for reconsideration, presenting new information.  Because Ms. Lewis has not met the standards for reconsideration or otherwise shown that the January 24, 2020 decision was unreasonable, her motion for reconsideration is DENIED.

---

[1] Because this order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  This means the order will be available to anyone with access to the internet.  In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

**Standards for Adjudication**

Although Ms. Lewis titles her document "motion for reconsideration," her motion does not provide any guidance about the rules surrounding these motions. Special masters may grant motions for reconsideration "in the interest of justice." Vaccine Rule 10(e)(3).  Motions for reconsideration are not intended to serve as vehicles for the submission of evidence that could have been presented earlier.  See Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (interpreting Rule 59(a)(1) of the Court of Federal Claims); Golden Bridge Technology, Inc. v. Apple, Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014) (following Third Circuit law); Cedillo v. Sec'y of Health & Human Servs., 617 F.3d 1328, 1348 (Fed. Cir. 2010).

**Background and Basis for Pending Motion**

After receiving compensation through a decision incorporating a joint stipulation, Ms. Lewis filed a motion for an award of attorneys' fees and costs.  As relevant to the pending motion for reconsideration, Ms. Lewis sought reimbursement for work performed by three experts:  Hamid Djalilian, an otolaryngologist; Omid Akbari, a Ph.D. immunologist; and Larry Charleston IV, a neurologist.

The January 24, 2020 Fees Decision reduced the amount that was requested for each of the three experts, based upon a lodestar calculation in which a reasonable hourly rate was multiplied by a reasonable number of hours.  The Fees Decision noted that the experts had requested hourly rates much higher than the rates that Ms. Lewis's attorney had recognized as typically awarded in the Vaccine Program.  The Fees Decision also noted that with one exception, Ms. Lewis had not presented any evidence to justify the proposed hourly rates.  Finally, the Fees Decision also found that the experts charged for an excessive number of hours.

Twenty days after the Fees Decision was filed, Ms. Lewis filed the pending motion for reconsideration.  With her motion, Ms. Lewis filed Fee Exhibits A through J.  She later added Fee Exhibit K.[2]

---

[2] Petitioners in the Vaccine Program typically assign numbers, rather than letters, to their exhibits.  Ms. Lewis could have followed this practice by assigning the fee exhibits the next sequential number.

The rationale of Ms. Lewis's motion for reconsideration seems to follow these steps: (1) petitioner could not "gauge the amount of information needed to justify fees and costs when the Respondent does not lodge any objections or counterarguments," Pet'r's Mot. at 6; (2) petitioner is now supplying additional evidence in the form of Fee Exhibits A-K that support the proposed hourly rate and/or the requested number of hours; and (3) thus, some additional compensation is warranted.

## Analysis

Ms. Lewis's motion falters on her first point—allegedly not knowing how much information to include in a motion for attorneys' fees. It has long been petitioners' burden to support their motions for attorneys' fees. A case from the beginning of the Vaccine Program states: "The fee applicant carries the burden of proof." Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989). Quoting Martin v. United States, 12 Cl. Ct. 223, 227 (1987), Bell continues: "Where supporting documentation is inadequate, the award may be reduced accordingly. A party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and the need for the service, and the reasonable fee to be allowed." Id.

This principle has not changed. To facilitate the presentation of information with a motion for attorneys' fees and costs, the Office of Special Masters has issued Guidelines, which "reflect the accumulated wisdom of numerous decisions." Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316 (2008). The Guidelines inform petitioners that when seeking attorneys' fees and costs, "the procedures and practices that apply to the evaluation of attorneys' fees and costs also apply to experts' fees and costs." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (rev. Aug. 22, 2019), section X, chapter 2, paragraph D. The Guidelines detail: "Submission of curriculum vitae and information regarding the hourly rate paid to the expert in other fora are helpful in determining the hourly rate to be awarded." Id.

Ms. Lewis's pending motion for reconsideration acknowledges none of the authority that places a burden on petitioners to present information. Rather, Ms. Lewis seems to suggest that because the Secretary is not interposing objections to amounts requested in attorneys' fees and costs, any deficiencies in her application are correctable via a motion for reconsideration. However, this suggestion is erroneous in two respects.

First, the caselaw and Guidelines refer to petitioners' motions. "The request for fees must be complete when submitted." <u>Duncan v. Sec'y of Health & Human Servs.</u>, 99–455V, 2008 WL 4743493, at *1 (Fed. Cl. Aug. 4, 2008). Petitioners, like Ms. Lewis, have both the burden and the opportunity to file motions with as much supporting documentation as they wish. Even years ago when the Secretary raised objections to the amount requested in motions for attorneys' fees and costs, the Secretary's response came after the petitioners' motion. Petitioners should not allow the Secretary's lack of meaningful participation to diminish how they develop and support their motions for attorneys' fees and costs.

Second, the independent obligation of special masters to assess motions for attorneys' fees and costs for their reasonableness is a practical reason for the petitioners' requirement to support their motions for attorneys' fees and costs. Since <u>McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018), petitioners are aware that special masters may not award attorneys' fees and costs based upon the Secretary's failure to object. Instead, special masters should evaluate the material that is submitted. Special masters are not required to warn petitioners about any deficiencies in fee applications. <u>Savin</u>, 85 Fed. Cl. at 318.

Thus, the January 24, 2020 Fees Decision looked at what Ms. Lewis had presented in her motion. For Dr. Djalilian and Dr. Charleston, Ms. Lewis made the conclusory statements that their proposed hourly rates ($550-$578 per hour and $575 per hour, respectively) were "consistent" with rates for other experts or "commensurate with his specialty." Pet'r's Mot. for Attorneys' Fees and Costs, filed Sept. 11, 2019, at 3, 5. Ms. Lewis did not cite any cases and she did not submit any evidence in support of these rates. For Dr. Akbari, Ms. Lewis was in a stronger position in that she cited one case, <u>Hernandez v. Sec'y of Health & Human Servs.</u>, No. 16-1058V, 2018 WL 4391060 (Fed. Cl. Spec. Mstr. Aug. 20, 2018), which had found $500 to be a reasonable hourly rate for Dr. Akbari. However, the Fees Decision declined to follow it because <u>Hernandez</u> seems to assume that Dr. Akbari is a medical doctor.[3]

The thrust of Ms. Lewis's pending motion for reconsideration is a submission of material (Fee Exhibits A-K) that she could have presented with her

_____

[3] Ms. Lewis's motion for reconsideration adds two other cases, <u>Shinskey v. Sec'y of Health & Human Servs.</u>, No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019) and <u>Robinson v. Sec'y of Health & Human Servs.</u>, No. 15-967V, 2018 WL 5629850, at *3 (Fed. Cl. Spec. Mstr. Sept. 12, 2018). However, in awarding Dr. Akbari $500 per hour, <u>Shinskey</u> and <u>Robinson</u> simply follow <u>Hernandez</u>.

motion.  Ms. Lewis wants a change in the Fees Decision to avoid a precedent that might dissuade these experts from testifying in the Vaccine Program again.  Ms. Lewis requests that the hourly rates awarded to Dr. Akbari be at least $500 per hour, to Dr. Charleston be $575 per hour, and to Dr. Djalilian be at least $500 per hour.

For Dr. Akbari and Dr. Djalilian, Ms. Lewis offers a "compromise."  She proposes that the amount awarded in compensation remain constant with any increase in hourly rate being offset by a decrease in number of hours.  Pet'r's Mot. for Reconsideration at 2, 6.  In practical terms, Ms. Lewis's compromise would look something like this:

|  | original decision | | | compromised decision | | |
|---|---|---|---|---|---|---|
|  | hourly rate | # hours | total | hourly rate | # hours | total |
| Dr. Akbari | $300.00 | 115.6 | $34,680.00 | $500.00 | 69.36 | $34,680.00 |
| Dr. Djalilian | $375.00 | 117 | $43,875.00 | $500.00 | 87.75 | $43,875.00 |

While the undersigned appreciates the spirit of compromise, a problem is that the January 24, 2020 Fees Decision found a reasonable number of hours for Dr. Akbari and Dr. Djalilian to be 115.6 and 117 hours.  A decrease to 69.36 and 87.75 hours would be arbitrary.

For the reasons explained above, reconsideration is not warranted.  Ms. Lewis has not shown that she is now offering evidence that she could not have offered earlier.  If petitioners could always seek reconsideration by submitting previously available evidence, when would litigation end?  Motions for reconsideration are not intended to allow second opportunities.  See Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 663-64 (Fed. Cir. 1986) (noting a district court recognized that "a motion for reconsideration is not a chance at a second bite"); Almanza v. United States, 137 Fed. Cl. 611, 617 (2018) ("Plaintiffs are not entitled to use their supplemental application to take a second bite at the apple by arguing and presenting evidence seeking a higher rate for services covered by the first fee petition"); cf. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774 (2013) (denying motion for review of a decision in which special master had found that expert's invoice was vague and had denied a motion for reconsideration bringing forward a revised invoice).

The need for finality seems especially acute in the context of attorneys' fees, which, "should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Within this sphere, trial courts may use estimates to accomplish "rough justice." Fox v. Vice, 563 U.S. 826, 838 (2011). The January 24, 2020 Fees Decision attempted to reach this threshold at least. Moreover, granting reconsideration for fees decision in one case necessarily consumes judicial resources and slows the adjudication of other cases. See Anthony v. Sec'y of Health & Human Servs., No. 14-680V, 2017 WL 521746, at *4 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).[4]

Finally, Ms. Lewis's worry about the precedential value of the Fees Decision seems overwrought. The Fees Decision stated that Ms. Lewis basically had little to no justification for the proposed hourly rates, and recognized that as Ms. Lewis's experts increase in efficiency and expertise, their hourly rate might increase. Thus, it is easy to imagine that another special master (or even the undersigned) would reach a different result when presented with different evidence.

## Conclusion

Given the limited information Ms. Lewis provided in her motion for attorneys' fees and costs, the January 24, 2020 Fees Decision made reasonable findings about the amount of attorneys' fees and costs. Although Ms. Lewis filed additional evidence with her motion for reconsideration, a motion for reconsideration is not appropriate on the ground of new evidence. Thus, the motion for reconsideration is DENIED.

The January 24, 2020 Fees Decision remains in effect. For how an order denying a motion for reconsideration affects the submission of a motion for review, see Vaccine Rule 10(e)(3)(B).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] The speed of adjudication is not an idle concern as Ms. Lewis's attorney often requests updates about pending motions for attorneys' fees and costs.