# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ZANIA LEWIS,                          *
                                      *   No. 15-907V
              Petitioner,             *
                                      *   Special Master Christian J. Moran
                                      *
v.                                    *   Filed: April 9, 2021
                                      *
SECRETARY OF HEALTH                   *   Attorneys' Fees and Costs; motion
AND HUMAN SERVICES,                   *   for review
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * *
```

<u>Michael A. Baseluos</u>, Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioner;
<u>Claudia B. Gangi</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

## <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

Pending before the Court is petitioner Zania Lewis' motion for final attorneys' fees and costs. She is awarded **$7,437.00**.

\* \* \*

The history of this case has already been extensively documented in previous decisions by the undersigned. 2020 WL 6071671 (Fed. Cl. Spec. Mstr.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Sept. 11, 2020). The instant motion, filed on September 19, 2020, requests total attorneys' fees and costs in the amount of $7,437.00 (representing $7,437.00 in fees and $0.00 in costs) for work performed from January 26, 2020 to present, covering petitioner's motion for review of the undersigned's January 24, 2020 decision on final attorneys' fees and costs. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any additional costs related to her litigation. Fees App. Ex. 5.

On October 5, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Respondent's statement that the conditions for an award of attorneys' fees and costs are met controls the outcome. See Harding v. Sec'y of Health & Human Servs., 146 Fed. Cl. 381, 392 n. 7 (2019); see also Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.")  Additionally, respondent recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

2

A.   <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349. There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  <u>Id.</u> 1349 (citing <u>Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests that her attorney, Mr. Michael Baseluos, be compensated at $335.00 per hour for his work in 2020. This rate is consistent with what Mr. Baseluos has previously been awarded for his Vaccine Program work in 2020, and the undersigned finds it to be reasonable herein. <u>See, e.g.</u>, <u>Taylor v. Sec'y of Health & Human Servs.</u>, No. 19-744V, 2020 WL 2968584 (Fed. Cl. Spec. Mstr. Apr. 30, 2020).

B.   <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $7,437.00.

C.   <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$7,437.00** (representing $7,437.00 in attorneys' fees and $0.00 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Michael Baseluos.

   In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

    **IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.